Argued May 23, affirmed June 19, 1957

## KUHNHAUSEN *v.* GLADDEN

312 P. 2d 587

*Donald E. Kettleberg,* Portland, argued the cause and filed a brief for appellant.

*Peter S. Herman,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

KESTER, J.

This is a proceeding for a writ of habeas corpus arising out of the same situation that was considered

by this court in *State v. Kuhnhausen,* 201 Or 478, 266 P2d 698, 272 P2d 225. That case affirmed the conviction of Bonnie Lee Kuhnhausen of second degree murder. Thereafter she filed in the circuit court for Marion county a petition for a writ of habeas corpus directed to the warden of the state penitentiary, where she is serving her sentence of life imprisonment. The writ was issued, and defendant made return to the writ, setting up the judgment of conviction. Plaintiff filed a replication alleging that she was deprived of her rights under the 14th Amendment to the Constiution of the United States. Defendant demurred to the replication, and the demurrer was sutained, with leave to plaintiff to amend. Plaintiff failed to plead further, and the cause was dismissed, from which plaintiff now appeals, assigning as error the action of the trial court in sustaining the demurrer.

The affirmative portion of the replication, to which the demurrer was sustained, is as follows:

"That Plaintiff's imprisonment, detention, confinement and restraint are illegal. The Judgment and Commitment Order are null and void. The Plaintiff was deprived of her rights under the XIV Amendment to the United States Constitution, as follows, to-wit: The Circuit Court that entered said Commitment Order had, prior to trial, entered an Order of Continuance continuing the trial of Plaintiff past the term of Court following the term of Court during which the Plaintiff was indicted. The Order was entered ex parte without notice to Plaintiff or to Plaintiff's attorney. Neither the Plaintiff nor the attorney representing the Plaintiff was present when said Order was made. That the Court made a finding of fact in continuing Plaintiff's trial. That said finding of fact was a prerequisite required by law to the making of said continuing Order. The Court found that good cause

existed for the continuance of said case. The finding of fact by the Court was prejudicial to Plaintiff's interest. That the Court lost jurisdiction to try Plaintiff.

"By reason whereof, all the proceedings, acts and things done and pretended to be done at Plaintiff's trial were and are wholly illegal, unauthorized and void and the Plaintiff is restrained of her liberty in violation of the XIV Amendment to the United States Constitution and without due process of law."

The order of continuance, which is mentioned in the foregoing pleading, was the principal subject of debate in *State v. Kuhnhausen,* supra. In that case it was held that lack of time for trial was a sufficient cause to warrant continuance of the case from one term to the next and to prevent dismissal under ORS 134.120.

Both parties in their briefs have referred to numerous facts which are not alleged in the challenged pleading, and we will take notice of those facts, without here repeating them, to the extent that they appear in the report of the former case. For present purposes the only significant facts are that the general order of continuance at the end of the term was made by the court without notice and without the presence of plaintiff (then defendant) or her attorney; and when the motion to dismiss the indictment was argued, and evidence thereon was presented, she was personally present, with her attorney.

In plaintiff's brief it is stated:

"It is not the intention of the Appellant at this time to attack the veracity or truthfulness of the Order of Continuance made by the trial Court. Appellant is attacking the method by which it was made."

Plaintiff's attorney acknowledges that he can find no authority (and we have found none) holding that due process requires that a defendant be notified and appear at the time of a general order continuing all pending cases for lack of time to try them. Since the existence of good cause for continuance is not questioned, and she had ample opportunity to be heard at the time of the motion to dismiss, we are unable to see how her rights have been prejudiced.

Essentially the same contention was presented on the former appeal and rejected (201 Or at 544-548). In that case it was said:

"* * * We think it would appear a little ridiculous to require that all defendants whose cases are pending and undecided on the last day of a term should be personally brought into court to hear the judge announce that there is no time to try pending cases at a term which ends on the day the order is made. The time at which a defendant has a right to challenge the propriety of the order continuing over the term is at the time when a motion to dismiss is heard."

The order sustaining the demurrer was correct, and the order of dismissal is affirmed.